IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY STILLS,

       Petitioner,

vs.                                                                                      No. CV 19-00390 MV/GBW

WARDEN BOWEN, and
ATTORNEY GENERAL OF THE STATE
OF NEW MEXICO,

       Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court, under Rules 4 and 11 of the Rules Governing Section 2254 Cases, on the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Anthony Stills. (Doc. 1). The Court will dismiss the Petition for lack of jurisdiction.

In his first Section 2254 proceeding, *Anthony Stills v. Donald Dorsey, Warden,* No. CV 98-00664 BB/KBM, Petitioner attacked the same state court criminal conviction that is the subject of this proceeding, raising eight issues, including abuse of discretion in admitting DNA evidence, error in the jury instruction on voluntary manslaughter, error in admitting carpet sample evidence, prosecutorial misconduct, error in exclusion of expert testimony, cumulative mistakes by the trial court, ineffective assistance of counsel, and insufficient evidence to support the convictions, all arising out of the claimed wrongful conviction for felony murder, criminal sexual penetration, and tampering with evidence in State of New Mexico, County of Bernalillo cause no. D-202-CR-1993-

01065.[1] *See* CV 98-00664 BB/KBM, Doc. 41 at 4. *See, also, Duhart v. Carlson,* 469 F.2d 471, 473 10th Cir. 1972) (noting that the court may take judicial notice of its own records.) The Court denied a writ of habeas corpus on the merits and dismissed the petition with prejudice. (CV 98-00664 BB/KBM, Doc. 37, 38). On appeal, the United States Court of Appeals for the Tenth Circuit denied a certificate of appealability and dismissed the appeal. (CV 98-00664 BB/KBM Doc. 41).

Petitioner then filed a second Section 2254 proceeding, *Anthony Stills v. Robert Ulibarri, Warden,,* No. CV 05-00804 JAP/RLP. Petitioner raised issues of new DNA testing, prosecutorial misconduct, and error in the admission of circumstantial evidence. (CV 05-00804 JAP/RLP, Doc. 1). The Court initially transferred the petition to the United States Court of Appeals as an unauthorized, second or successive Section 2254 petition. (CV 05-00804 JAP/RLP, Doc. 3). Following authorization to proceed, the Court dismissed the petition with prejudice. (CV 05-00804 JAP/RLP, Doc. 4, 13, 17, 18). Petitioner then filed a request for a certificate of appealability, which the Tenth Circuit construed as a request for authorization to file another successive Section 2254 petition and dismissed. (CV 05-00804 JAP/RLP, Doc. 20).

Petitioner now brings a new, second or successive Section 2254 petition raising an issue of improper sentencing under aggravating circumstances without notice or waiver. (Doc. 1 at 5). The issue raised by Stills appears, again, to arise out of the same claimed wrongful conviction by the State of New Mexico that was presented and determined in Still's previous Section 2254 proceedings.

---

[1] The official court record in cause no. D-202-CR-1993-01065 indicates that Stills was convicted by a jury of First Degree Murder (Felony Murder), Child Abuse (Death or Great Bodily Harm), Criminal Sexual Penetration in the First Degree (Force or Coercion, Great Bodily Harm), Kidnapping (Great Bodily Harm), and Tampering With Evidence. (Judgment 1/12/1995, no. D-202-CR-1993-01065).

Under 28 U.S.C. Section 2244(b)(1), a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed. A claim that was not presented in a prior application shall also be dismissed unless the applicant shows either (1) that the claim relies on a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court or (2) that the factual predicate for the claim was previously unavailable and would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Although he applies different titles to his claims, the factual basis of Stills' arguments was clearly raised in his prior Section 2254 proceedings. Compare Doc. 1 with CV98-00664, Doc. 1 and CV 05-00804 JAP/RLP, Doc. 1. Petitioner's claim was raised in his prior Section 2254 proceedings and must be dismissed. 28 U.S.C. § 2244(b)(1); *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997). Moreover, to the extent that any argument can be raised that Petitioner did not previously raise any asserted claim in his prior Sectopm 2254 Petition, Stills does not rely on any new constitutional law that was previously unavailable and made retroactive on collateral review by the United States Supreme Court. *See* 28 U.S.C. § 2244(b)(2)(A); *Tyler v. Cain*, 533 U.S. 656 (2001). Nor does Petitioner argue or rely on a factual predicate that could not have been discovered previously through the exercise of due diligence and is sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B); *United States v. Espinosa-Saenz,* 235 F.3d 501, 505 (10th Cir. 2000).

Further, before a second or successive petition is filed in the district court, the petitioner must move the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When a second or successive Section 2254 claim is filed in the district court without the required authorization from the court of appeals, the district court may transfer the matter to the court of appeals if it determines that it is in the interest of justice to do so under 28 U.S.C. Section 1631 or may dismiss the petition for lack of jurisdiction. *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997). The current Petition is Petitioner's second or successive and is not accompanied by an authorizing order from the court of appeals. Under Section 2244(b)(1), the Court lacks jurisdiction to proceed and must either dismiss Petitioner's Petition or transfer this proceeding to the Tenth Circuit. Applying the *Cline* factors, the Court finds that it is not in the interest of justice to transfer the proceeding for three reasons: (1) although aware of the need for authorization based on prior Section 2254 proceedings, Petitioner has filed his second or successive Section 2254 Petition without authorization from the Tenth Circuit Court of Appeals under 28 U.S.C. Section 2241(b)(3); (2) Petitioner fails to establish any grounds that would permit him to proceed on a second or successive petition as required by 28 U.S.C. Section 2244(b)(2); and (3) last, it appears that any claim asserted by Petitioner would be time-barred by the one-year statute of limitations of 28 U.S.C. Section 2244(d)(1). *In re Cline,* 531 F.3d at 1252.

The Court declines to transfer the Petition to the Tenth Circuit and will dismiss for lack of jurisdiction. *Coleman v. United States,* 106 F.3d at 341. Under Rule 11 of the Rules Governing Section 2254 Cases, because Petitioner has failed to make a substantial showing of denial of a constitutional right, the Court will also deny a certificate of appealability.

**IT IS ORDERED** the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Anthony Stills (Doc. 1) is **DISMISSED** for lack of jurisdiction, a certificate of appealability is **DENIED**, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE