IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY STILLS,

      Petitioner,

vs.                                                                      No. CV 19-00390 MV/GBW

WARDEN BOWEN, and
ATTORNEY GENERAL OF THE STATE
OF NEW MEXICO,

      Respondents.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR RECONSIDERATION**

**THIS MATTER** is before the Court on the handwritten letter response filed by Plaintiff Anthony Stills. (Doc. 5). Plaintiff indicates that he is responding to the Court's "denial" of his case. (Doc. 5 at 1). The Court construes his letter response as a request to alter or amend, and denies the request.

Plaintiff filed his Petition Under 28 U.S.C. § 2254 By a Person in State Custody (Doc. 1) on April 29, 2019. On May 28, 2019, the Court dismissed Plaintiff's Petition as an unauthorized second or successive petition under § 2254. The dismissal was without prejudice based on lack of jurisdiction. (Doc. 3, 4). On June 6, 2010, Plaintiff filed his letter response to the Court's dismissal. (Doc. 5). Because Plaintiff's letter response was filed within twenty-eight days after entry of Judgment, the Court will treat the letter response as a timely motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

Grounds warranting a motion to reconsider under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct

clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Res. Corp.,* 57 F.3d 941, 948 (10th Cir. 1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but it is not an appropriate vehicle for revisiting issues that have already been addressed in prior filings. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

As grounds for reconsideration, Plaintiff contends that he "is not raising the same issues filed previously, but this claim is new and factual," and relates to the fact that his sentence was imposed based on the court's improper determination that there were aggravated circumstances involved in his underlying crime of conviction. (Doc. 5 at 1). As such, Plaintiff further contends, "[t]his petition was not and is not a '2254 State Habeas,' but a '31-11-6 Post Conv[iction] Remedy Petition." (Doc. 5 at 1). This argument fails for two reasons. First, Section 31-11-6 is a provision of New Mexico state law, and thus Plaintiff cannot bring a petition in this (Federal) Court under that state law provision. The only way that Plaintiff can raise the issues he seeks to raise here, namely that the sentencing court improperly considered there to be aggravating circumstances involved in his crime of conviction, is pursuant to 28 U.S.C. § 2254. (Doc. 1). Accordingly, the Court correctly concluded that Plaintiff's Petition was a habeas corpus petition under § 2254 and that the Petition is subject to the restrictions as a second or successive § 2254 petition under § 2244(b).

Second, it is indisputable that Plaintiff's current claim of improper sentencing under aggravating circumstances arises out of the same claimed wrongful conviction by the State of New Mexico that was presented and determined in Plaintiff's prior § 2254 proceeding. As such, his Petition constitutes a second or successive petition. 28 U.S.C. § 2244(b)(2). This is so despite

Plaintiff's characterization of the issue raised in his current Petition as different from those raised in his first Petition. As the Court explained in its May 28, 2019 Opinion:

> Although he applies different titles to his claims, the factual basis of Stills' arguments was clearly raised in his prior Section 2254 proceedings. Compare Doc. 1 with CV98-00664, Doc. 1 and CV 05-00804 JAP/RLP, Doc. 1. Petitioner's claim was raised in his prior Section 2254 proceedings and must be dismissed. 28 U.S.C. § 2244(b)(1); *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997). Moreover, to the extent that any argument can be raised that Petitioner did not previously raise any asserted claim in his prior Section 2254 Petition, Stills does not rely on any new constitutional law that was previously unavailable and made retroactive on collateral review by the United States Supreme Court. *See* 28 U.S.C. § 2244(b)(2)(A); *Tyler v. Cain*, 533 U.S. 656 (2001). Nor does Petitioner argue or rely on a factual predicate that could not have been discovered previously through the exercise of due diligence and is sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B); *United States v. Espinosa-Saenz,* 235 F.3d 501, 505 (10th Cir. 2000).

(Doc. 3 at 3).

Because Plaintiff's Petition is a second or successive petition, Plaintiff may proceed in this Court only after he has sought and obtained authorization to do so from the United States Court of Appeals for the Tenth Circuit. 28 U.S.C. § 2244(b)(3). Plaintiff has not presented any basis for reconsideration by this Court and for this reason, the Court must deny his Rule 59(e) request for post-judgment alteration or amendment of the Judgment.

**IT IS ORDERED** that the letter response filed by Plaintiff Anthony Stills (Doc. 5), which the Court construes as a timely motion to alter or amend judgment under Rule 59(e), is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE